IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

MARCUS J. WINFIELD,

    Petitioner

VS.

BRIAN OWENS, COMMISSIONER,

    Respondent

NO. 5:10-CV-231(MTT)

PROCEEDINGS UNDER 28 U.S.C. §2254
BEFORE THE U.S. MAGISTRATE JUDGE

# RECOMMENDATION

Petitioner Marcus J. Winfield has filed a petition herein seeking federal habeas corpus relief. Tab #1. Respondent Brian Owens has filed a motion seeking to dismiss the petition contending that it is untimely filed under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244(d). Tab #9. Petitioner Winfield has responded to the motion. Tab #14. The motion is now ripe for review.

## FACTUAL AND PROCEDURAL HISTORY

Petitioner Winfield, along with four (4) co-defendants, was indicted by a Dooly County, Georgia grand jury on July 13, 1992, for the offense of Armed Robbery. Following a jury trial, he was found guilty and, on February 19, 1993, received a life sentence. On November 10, 1993, the Georgia Court of Appeals affirmed the petitioner's conviction and sentence. *Winfield v. State*, 210 Ga. App. 849, 437 S.E.2d 849 (1993).

On February 28, 2008, the petitioner filed his first **state** habeas corpus petition in the Superior Court of Wheeler County, Georgia challenging his Dooly County conviction. On September 5, 2008, the **state** habeas corpus court dismissed the petition without prejudice on account of the petitioner's failure to file an amended petition as ordered by the **state** habeas corpus court in response to a motion for more definite statement of petitioner's claims.

On September 15, 2008, petitioner Winfield filed a second **state** habeas corpus petition also in the Superior Court of Wheeler County, Georgia. Here again, the petitioner sought to challenge the Dooly County conviction. A hearing on this petition was held on December 15, 2008. Thereafter, on March 27, 2009, the **state** habeas corpus court entered an order dismissing the petition as untimely filed. The Georgia Supreme Court denied the petitioner's subsequently filed application for a certificate of probable cause to appeal the **state** habeas corpus court ruling.

Thereafter, on May 24, 2010, the petitioner executed the instant **federal** petition. In response, the respondent filed a brief (Tab #8), the underlying record (Tab #11), and the instant motion seeking dismissal. As noted above, the petitioner has filed a response to the motion.

## LEGAL STANDARDS

The provisions of the AEDPA, 28 U.S.C. §2244(d) provide as follows:

*(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of–*

> *(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;*
>
> *(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such by State action;*
>
> *(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or*
>
> *(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.*

*(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.*

## DISCUSSION

Upon review of the record in this case and the positions of the petitioner and respondent herein, the undersigned finds the respondent's assertion that the instant petition is untimely filed to be persuasive. In support of this conclusion, the undersigned makes the following findings: (1) petitioner Winfield's conviction became final several years before the 1996 enactment of the AEDPA; (2) following the 1996 enactment of the AEDPA, petitioner Winfield had a one (1) year grace period in which to file a federal habeas corpus petition;[1] (3) petitioner Winfield failed to execute a **federal** habeas corpus petition until May 24, 2010, long after the expiration of the aforementioned grace period; and, (4) petitioner Winfield's arguments for the court to go forward and consider this federal petition on the merits despite its being untimely filed are insufficient insofar as they are unsupported and conclusory.

## CONCLUSION

Based upon the foregoing analysis, it is clear that petitioner Winfield has long since exceeded the one-year period of limitations. Accordingly, because there is no question that the instant petition was untimely filed, the respondent's motion seeking dismissal should be **GRANTED.** Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned, **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

The Clerk is directed to serve the petitioner at the **LAST ADDRESS** provided by him.

**SO RECOMMENDED**, this 28th day of SEPTEMBER, 2010



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] *See Wilcox v. Florida Department of Corrections*, 158 F.3d 1209, 1211 (11th Cir. 1998).